**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SCOTT ERIC CONNER, | No. 09-17851 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-04965-MMC |
| v. | |
| JAMES E. TILTON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted April 20, 2011[**]

Before:      RYMER, THOMAS, and PAEZ, Circuit Judges.

California state prisoner Scott Eric Connor appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging that he has been

denied the right to practice his religion.  We have jurisdiction under 28 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment for defendants on Connor's First Amendment and Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims alleging the denial of access to group worship, clergy, religious literature, and a special diet because Connor failed to raise a genuine issue of material fact as to whether his beliefs are religious in nature. *See Warsoldier v. Woodford*, 418 F.3d 989, 994-95 (9th Cir. 2005) (setting forth elements of RLUIPA claim)*; Alvarado v. City of San Jose*, 94 F.3d 1223, 1229 (9th Cir. 1996) (setting forth test to determine whether a belief or movement invokes constitutionally cognizable religious interests).

The district court properly dismissed Connor's claim regarding religious adornment because it was unripe. *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1122 (9th Cir. 2009).

Connor's remaining contentions are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

09-17851